**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JOSHUA WAYNE WARDEN, Individually and On Behalf of All Others Similarly Situated, Plaintiff,** | § § § § § | **CIVIL ACTION NO. 2:19-CV-407** |
| **vs.** | § § | **CLASS ACTION COMPLAINT** |
| **DXP ENTERPRISES, INC. Defendant.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Joshua Wayne Warden, ("Plaintiff"), on behalf of himself and all others similarly situated (the "Class Members"), and files this Original Complaint, as follows:

## I. PRELIMINARY STATEMENT

1. DXP Enterprises, Inc. ("DXP") was formerly the employer of Plaintiff and other Class Members. Plaintiff worked as a "Safety Consultant" for DXP from March of 2015 through January of 2018. While working for DXP, Plaintiff was first classified as an employee, then as an independent contractor. During his time with DXP, Plaintiff typically worked approximately 100 hours per week. As both an employee and an independent contractor, Plaintiff received a day rate regardless of the number of hours he worked in a given day or week, and never received overtime pay.[1] On information and belief, there are at minimum dozens of individuals who since March of 2015 that have, like Plaintiff, been paid day rates and denied overtime while working for DXP in New Mexico.

[1] These pay practices are referred to herein as the "Day Rate Policy."

2. DXP has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiff and other Class Members overtime at the legally required rate. Plaintiff, individually and on behalf of all other Class Members, brings this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

3. This class action consists of:

> **ALL CURRENT AND FORMER OILFIELD WORKERS AT DXP WHO (1) WORKED AT LEAST ONE WEEK PER YEAR IN NEW MEXICO AND (2) WERE PAID A DAY-RATE AND DENIED OVERTIME FROM MARCH OF 2015 UNTIL THE PRESENT.[2]**

4. Defendant has willfully committed widespread violations of the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff Joshua Warden is an individual residing in Texas.

6. Plaintiff brings his NMMWA claim as a Rule 23 class action on behalf of the Class Members. The Class Members consist of Defendant's non-exempt workers who were classified as safety consultants and who worked over 40 hours in at least one week in New Mexico over the past three years.

---

[2] Members of this proposed class will hereinafter be referred to as the "Class Members." Plaintiff began working for DXP in March of 2015. The exact period covered by the NMMWA class action is unknown at this time because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiff and the Class Members would begin when DXP's misclassification scheme started until it ended. Plaintiff intends to seek discovery from DXP regarding the time period of its misclassification scheme of its Safety Advisors such as Plaintiff and intends to amend its Complaint after discovering this information.

7. DXP is a Texas corporation with its principal place of business in Houston, Texas. DXP can be served through its registered agent for service of process in New Mexico, CT Corporation System, 206 S Coronado Ave., Espanola, NM 87532-2792, or where found.

**III. JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." This Court also has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case is seeking a class action under rule 23 of the Fed. R. Civ. P.; (2) the Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) at least one Class Member is from a different state than Defendant.

9. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in New Mexico and it has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

## IV. NMMWA COVERAGE FACTS

11. At all relevant times, DXP acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiff and other Class Members. DXP was responsible for all decisions related to the wages to be paid to Plaintiff and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

12. At all relevant times, Plaintiff and the Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

13. At all relevant times, Plaintiff and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiff's job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiff, in the performance of his job duties while working for DXP, regularly used instrumentalities of interstate commerce such as his cell phone and e-mail to communicate with others at DXP and its customers

## V. FLSA COVERAGE FACTS

14. At all relevant times DXP acted as the employer with respect to Plaintiff. DXP was responsible for all decisions related to the wages to be paid to Plaintiff, the work to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensation policies with respect to Plaintiff.

15. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

17. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## VI. FACTUAL BACKGROUND

18. DXP is a publicly traded company that offers compliance and consulting services to clients in, *inter alia*, the oil and gas industry. DXP contracts with various oil and gas producers to provide laborers for their drilling operations, including Plaintiff and the Class Members that were paid day rates and denied overtime pay.

19. Because Plaintiff and other Class Members are paid a day rate, and because their schedules are set by DXP, the Class Members are not given any opportunity to share in the profit and/or loss of their services. The Class Members do not make any sort of investment in the facilities where they work. They are not allowed the freedom to take or reject assignments - instead they must report where they are ordered to go by DXP. Because they work full time (working very long hours) for DXP, they are not allowed an opportunity to expand their business

or to take on other assignments as true independent contractors would be expected to do. Moreover, the Class Members are manual laborers, not the kind of highly-skilled workers that would typically be classified as independent contractors. The Class Members did not provide their own tools or equipment - such tools and equipment are furnished by DXP and/or DXP's customers. Finally, the Class Members have no authority to hire or fire anyone, nor are they given the power to hire their own helpers, as true independent contractors typically do. Instead, if additional help is needed, they are to report this to DXP, who will then hire such additional help. This relationship is completely inconsistent with a true independent contractor relationship.

20. Every week, or virtually every week, that he worked for DXP from March of 2015 through January of 2018, Plaintiff worked more than 40 hours per week. While Plaintiff has not had the opportunity to conduct discovery, he estimates that he averaged working 100 hours per week while employed by DXP.

21. No exemption excuses Defendant from paying Plaintiff and other similarly situated Class Members overtime rates under the NMMWA. Plaintiff and the Class Members were all paid on an ***day rate*** basis (meaning their pay fluctuated each week based on how many days they worked each week), and thus none of them could fall within any of the white collar exemptions, as the ***salary*** basis is an essential element of all of the white collar exemptions.

22. Defendant violated NMMWA by paying Plaintiff and other Class Members pursuant to the Day Rate Policy that failed to pay Plaintiff and other Class Members an overtime premium for all overtime hours worked.

23. Despite Plaintiff and other Class Members routinely working over 40 hours per week, Defendant failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek in New Mexico.

24. Plaintiff and other Class Members are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

25. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Under the NMMWA, Plaintiff and those similarly situated are entitled to recover liquidated damages and all reasonable attorney's fees and costs incurred in this action.

## VII. NEW MEXICO CLASS ACTION ALLEGATIONS

26. Plaintiff incorporates all allegations previously made in this Complaint.

27. Plaintiff brings this class action on behalf of the respective Class Members.

28. The Class Members are so numerous that their joinder is impracticable.

29. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

30. Plaintiff's claims are typical of the Class Members.

31. Plaintiff and the Class Members were classified as non-exempt from overtime.

32. The primary job duties of Plaintiff and the Class Members consisted of non-exempt work.

33. Plaintiff and the Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a flat fee for each day they worked.

34. Plaintiff and the Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

35. Plaintiff and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

36. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

a. Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

b. Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

c. The proper measure of damages of the Class Members; and

d. Whether Defendant should be enjoined for such violations in the future.

37. As a result, Plaintiff will fairly and adequately protect the Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

39. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class

members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII. CAUSES OF ACTION

### COUNT 1: VIOLATION OF NMMWA (Individually and On Behalf of Class)

40. Plaintiff incorporates all allegations previously made in this Complaint.

41. Plaintiff and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiff requests that this lawsuit encompass all

violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

**COUNT 2: VIOLATIONS OF FLSA (Individually Only)**

42. Plaintiff incorporates all allegations previously made in this Complaint.

43. Plaintiff was a non-exempt employee of Defendant.

44. Plaintiff is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

45. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

46. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

47. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for the entire period of Defendant's Day Rate Policy, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## IX. RELIEF SOUGHT

Plaintiff prays for the following relief against Defendant on an individual basis and on a representative basis on behalf of the Class Members:

a. For an Order certifying his NMMWA claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NMMWA, and for designation of Plaintiff's counsel as class counsel;

b. For an Order awarding Plaintiff and the Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under NMMWA;

c. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF**