# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOSHUA WAYNE WARDEN,**

**Individually and On Behalf of all Others Similarly Situated,**

        **Plaintiff,**

No. 2:19-CV-00407-MV-GJF

vs.

**DXP ENTERPRISES, INC.**

        **Defendant.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on **August 28, 2019** by **phone conference** and was attended by:

    **Josh Borsellino, Esq. with Borsellino, P.C.** for Plaintiff(s)

    **Melissa Ackie, Esq. (on behalf of Charlotte Lamont) with Littler Mendelson, P.C.** for Defendant(s)

## NATURE OF THE CASE

Plaintiff alleges Defendant violated the Fair Labor Standards Act and the New Mexico Minimum Wage Act and failed to pay him and others similarly situated as required by law. Defendant denies Plaintiff's allegations.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file a motion to certify the class under Rule 23. Plaintiff believes that he can do so after having the opportunity to take written discovery and a corporate representative deposition, and could file the certification motion by March 6, 2020.

Plaintiff(s) should be allowed until **October 21, 2019** to move to amend the pleadings and until **October 21, 2019** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:  **none at this time.**

Defendants(s) should be allowed until **November 20, 2019** to move to amend the pleadings and until **November 20, 2019** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. DXP is a Texas corporation with its principal place of business in Houston, Texas.
2. Plaintiff worked as a safety consultant with pay based on a day rate.

The parties further stipulate and agree that the law governing this case is: **federal statutory and common law, New Mexico statutory and common law, and the Federal Rules of Civil Procedure.**

## PLAINTIFF'S CONTENTIONS:

Plaintiff worked as a "Safety Consultant" for DXP from March of 2015 through January of 2018. While working for DXP, Plaintiff was first classified as an employee, then as an independent contractor. During his time with DXP, Plaintiff typically worked approximately 100 hours per week. As both an employee and an independent contractor, Plaintiff received a day rate regardless of the number of hours he worked in a given day or week, and never received

overtime pay. On information and belief, there are at minimum dozens of individuals who since March of 2015 that have, like Plaintiff, been paid day rates and denied overtime while working for DXP in New Mexico.

Plaintiff alleges DXP has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiff and other Class Members overtime at the legally required rate. Plaintiff, individually and on behalf of all other Class Members, brings this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA. According to Plaintiff, this class action consists of:

ALL CURRENT AND FORMER OILFIELD WORKERS AT DXP WHO (1) WORKED AT LEAST ONE WEEK PER YEAR IN NEW MEXICO AND (2) WERE PAID A DAY-RATE AND DENIED OVERTIME from March of 2015 until the present.

Plaintiff contends that Defendant has willfully committed widespread violations of the NMMWA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay. Plaintiff seeks, individually and on behalf of all class members, all unpaid overtime compensations, treble and/or liquidated damages, prejudgment interest and all available penalty wages under NMMWA, as well as attorney's fees and expenses.

## **DEFENDANT'S CONTENTIONS:**

DXP denies Plaintiff's claims and denies any liability to him or any members of the purported class.

DXP has asserted the following affirmative and other defenses:

1. The Complaint fails in whole or in part to state facts sufficient to constitute a cause of action upon which relief can be granted. Plaintiff failed to plead a cause of action for

violating the NMMWA because he did not plead sufficient facts to assert coverage under the NMMWA, that an employer-employee relationship existed with DXP, or that DXP owes Plaintiff overtime compensation.

**2.** Plaintiff was paid all amounts due in accordance with the terms and conditions of his retention as an independent contractor and any applicable provisions of the FLSA and the NMMWA.

**3.** Plaintiff and/or members of the putative collective were compensated at all times in accordance with any applicable FLSA requirements and were paid all wages owed under the law.

4. Defendant was not an employer of Plaintiff at the time Plaintiff worked as an independent contractor and when his pay was based on a day rate. *See* 29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(e)(1).

5. Defendant was not an employer of Plaintiff or those alleged similarly-situated individuals he seeks to represent pursuant to NMMWA 50-4-21.

6. The claims of Plaintiff and the alleged similarly-situated individuals he seeks to represent are barred because they were and are properly classified as independent contractors.

7. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) or the time allowed for bringing a claim under state law, such claims are barred.

8. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary, postliminary, or incidental to Plaintiff's principal activities. This defense may also apply to the purported claims of some or all of the members of the

putative collective Plaintiff purports to represent.

9. Any alleged violations of the FLSA were not willful and, therefore, any of Plaintiff's claims arising thereunder that occurred more than two years prior to the date the Complaint was filed are barred by the two-year statute of limitations provided in 29 U.S.C. § 255.

10. The claims of Plaintiff are barred, in whole or in part, by Section 10 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 259, because Defendant's actions or omissions giving rise to this action were done in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

11. In the event any sum may be found due and owing to Plaintiff, the Court should exercise its discretion to limit or reduce liquidated damages claims under Section 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

12. Plaintiff's claims and the claims he seeks to assert on behalf of others fail because some or all of the hours worked by Plaintiff and/or members of the putative collective and claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under the FLSA.

13. The NMMWA does not apply to workers paid on a piece rate, flat rate, or commission basis.

14. Plaintiff's allegation that an unlimited limitations period applies to his New Mexico law claims on a continuing course of conduct theory per § 50-4-32 of the Act is

impermissibly penal or punitive in nature.

15. The liquidated damages provisions of the New Mexico state wage laws, on their face or as applied, are impermissibly penal or punitive in nature, such that liquidated damages may only be awarded upon the requisite level of proof.

16. Plaintiff is not entitled to an award of prejudgment interest even if Plaintiff prevails on any or all of Plaintiff's claims because the damages claimed are not sufficiently certain to allow an award of prejudgment interest. This defense also may apply to the claims of some or all of the putative collective of allegedly similarly-situated persons.

17. Plaintiff's claim for treble damages is contrary to the plain language of § 50-4-26 of the Act and should be dismissed.

18. In the event any sum may be found due and owing to Plaintiff or the alleged similarly-situated individuals he seeks to represent, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released, including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, either formal or informal, or overpayments they may have received.

19. Plaintiff fails to state a claim for declaratory judgment or injunctive relief, because as a former independent contractor, there is no continuing or imminent future injury to enjoin and, accordingly, he is incapable of alleging prospective or future harm or seeking declaratory relief in connection with past conduct.

20. To the extent Plaintiff could be properly classified as an employee at the time Plaintiff worked as an independent contractor and when his pay was based on a day rate, which Defendant denies, he is not entitled to any recovery to the extent the work performed falls within exemptions, exclusions, or credits provided for under the FLSA.

21. Plaintiff is not similarly situated to members of the putative collective, cannot satisfy the "similarly situated" prerequisites for certification of a collective action, and, therefore, cannot represent the interests of others in a FLSA collective action.

22. Defendant respectfully reserves the right to assert any affirmative or additional defenses it discovers during this litigation and prays that the Court afford it leave to amend its Answer upon a timely motion requesting the ability to do the same.

## PROVISIONAL DISCOVERY PLAN

The parties request separate phases for class action discovery and merits-based discovery. The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses:**

1. Joshua Warden, as well as all other members of the class referenced above, whose names are not currently known to Plaintiff. Mr. Warden may be reached through his counsel, Josh Borsellino; Borsellino, P.C.; 1020 Macon St., Suite 15; Fort Worth, Texas 76102; Telephone: (817) 908-9861; Facsimile: (817) 394-2412; Email: josh@dfwcounsel.com. These witnesses may testify regarding the allegations in Plaintiff's live pleading, as well as the damages owed to Plaintiff and the other class members.

2.	Josh Borsellino; Borsellino, P.C.; 1020 Macon St., Suite 15; Fort Worth, Texas 76102; Telephone: (817) 908-9861; Facsimile: (817) 394-2412; Email:	josh@dfwcounsel.com.  Mr. Borsellino will provide expert witness testimony regarding the reasonableness of Plaintiff's attorney's fees and expenses.

**Plaintiff's Exhibits:**

Wage and hour records and other business records (including e-mails) currently in the possession of Defendant.

The Master Services Agreement between DXP and any of its customers which outlines some of the rights, duties and obligations of DXP with respect to Plaintiff and other class members.

**Defendant's Witnesses:**

1.	Plaintiff is expected to testify regarding his claims.

2.	Chris McKinnon, in care of counsel. Mr. McKinnon, Defendant's General Manager, Safety Services, has knowledge of the allegations in Plaintiff's Complaint. He also likely has knowledge of the job responsibilities, work locations, and work schedule of Plaintiff and opt-in Plaintiffs.

3.	James Grayson, in care of counsel.  Mr. Grayson, Defendant's Health and Safety Executive ("HSE") Manager, has knowledge of the allegations in Plaintiff's Complaint. He also likely has knowledge of the job responsibilities, work locations, and work schedule of Plaintiff and opt-in Plaintiffs as well as Defendant's pay practices.

4.	Stephanie Romero, in care of counsel. Ms. Romero, Defendant's Assistant Controller, has knowledge of the allegations in Plaintiff's Complaint.  She also likely has knowledge of Plaintiff's job performance and work schedule as well as Defendant's pay practices.

5. Jonathan Bland, in care of counsel. Mr. Bland, Defendant's Customer Service Manager, has knowledge of the allegations in Plaintiff's Complaint. He also likely has knowledge of Plaintiff's job performance and work schedule.

6. Any individual who files a consent to join this lawsuit.

7. Witnesses identified by Plaintiff and not objected to by Defendant.

8. Witnesses identified during discovery.

9. Rebuttal witnesses as necessary.

**Defendant's Exhibits:**

1. Defendant's payroll records for its' employees who worked in New Mexico for the relevant time period.

2. Any exhibit identified by Plaintiff and not objected to by Defendant.

3. Exhibits identified during discovery.

4. Rebuttal exhibits as necessary.

**Defendant's Experts:**

1. None identified at this time.

Discovery will be needed on the following subjects:  Plaintiff's claims and Defendant's defenses.

Maximum of **25 interrogatories** by each party to any other party, including any individuals who filed consents to join the lawsuit. (Responses due 30 days days after service).

Maximum of **20 requests for admission** by each party to any other party. (Responses due 30 days after service).

Maximum of **ten depositions** by Plaintiff and Defendant may depose 30% of any class certified by the Court.

Defendant seeks to depose Plaintiff and any individual who files a consent to join the lawsuit or who becomes a party to the lawsuit pursuant to an order certifying a class under Federal Rule of Civil Procedure 23.

Each deposition will be limited to a maximum of **seven hours** unless extended by agreement of parties.

Reports from retained experts on class certification under Rule 26(a)(2) due:

from Plaintiff by **January 24, 2020**; and

from Defendant by **February 24, 2020**.

Supplementation under Rule 26(e) due a reasonable time after information or documents are discovered, but no later than 30 days before trial.

Class and conditional collective certification discovery completed by **December 20, 2019**. Plaintiff's deadline for filing motion for class and/or conditional collective certification - **March 6, 2020**; Defendants' response deadline - **March 27, 2020**; and Plaintiff's reply deadline - **April 3, 2020**.

The parties request that the Court set all remaining deadlines after the expiration of the conditional collective certification and class action deadlines.

### PRETRIAL MOTIONS

Plaintiff intends to file: **Motion to Certify under Rule 23; Motion for Summary Judgment; and Motions in Limine**.

Defendant intends to file: **Motion for Summary Judgment; and Motions in Limine**.

### ESTIMATED TRIAL TIME

The parties are unable to estimate a trial time prior to Court rulings on any motions for class and/or conditional collective certification are decided by the Court. .

__X__ This is a non-jury case.

_____   This is a jury case.

The parties request a pretrial conference **30 days before trial**.

## **SETTLEMENT**

The parties request a settlement conference in **August 2020**.

                APPROVED WITHOUT EXCEPTIONS
                (note exceptions above)

                */s/ Josh Boresellino*
                Josh Borsellino
                TX Bar No. 24045532
                Borsellino, P.C.
                1020 Macon St., Suite 15
                Fort Worth, Texas 76102
                Telephone: (817) 908-9861
                Facsimile: (817) 394-2412
                josh@dfwcounsel.com
                **ATTORNEYS FOR PLAINTIFF**

                *s/ Charlotte Lamont*
                Charlotte Lamont (N.M. Bar No. 5647)
                clamont@littler.com
                201 Third Street NW, Suite 500
                Albuquerque, NM 87102
                505.944.9680 (Telephone)
                505.944.9681 (Facsimile)

                Kimberly R. Miers
                Texas State Bar No. 24041482
                LITTLER MENDELSON, P.C.
                A Professional Corporation
                100 Congress Avenue, Suite 1400
                Austin, Texas 78701
                512.982.7250
                512.982.7248 (Fax)
                kmiers@littler.com
                **ATTORNEYS FOR DEFENDANT**
                **DXP ENTERPRISES, INC.**